IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BELMA BEAVER, as parent and legal guardian,
on behalf of S.B.,

    Plaintiff,

vs.                                                                          No. 07-CV-00701 WJ/ACT

GALLUP-McKINLEY COUNTY SCHOOL DISTRICT
and TIMOTHY BOND,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

THIS MATTER comes before the Court upon Plaintiff's Motion for Leave to File Second Amended Complaint, filed May 22, 2008 **(Doc. 41)**. This is a case brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, and under other federal statutes. This case will require, in part, judicial review of the administrative decision of a Due Process Hearing Officer (DPHO) of the New Mexico Public Education Department, in which Plaintiff was the prevailing party. Both parties have filed motions for partial summary judgment, which are still pending before the Court (Docs. 36 and 38).

In the instant motion, Plaintiff seeks to amend the complaint to name the Gallup-McKinley County School Board as a defendant in this case, and to name Timothy Bond as a Defendant in his individual capacity.

In their motion for summary judgment, Defendants seek dismissal of the school district because it is not a proper party to the lawsuit. They also contend that Mr. Bond should be dismissed because the complaint was not clear whether Mr. Bond was being sued in his official or

individual capacity.  The (First) Amended Complaint asserts simply that Mr. Bond "was the Principal of Ramah High School and acted under color of state law at all material times." Complaint, ¶ 6.

Rule 15 of the Federal Rules of Civil Procedure must be liberally construed. Foman v. Davis, 371 U.S. 178, 181-182 (1962); Archuleta v. Duffy's Inc., 471 F.2d 33, 37 (10th Cir. 1973).  The Court may deny leave to amend where amendment would be futile.  TV Communications Network, Inc., v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir.1992).

Defendants argue that because their motion for partial summary judgment is outstanding, Plaintiff should not be permitted, at this time, to file a Second Amended Complaint adding additional parties and changing the status of Defendant Timothy Bond.  The Court is unaware of any rule preventing a plaintiff from filing a motion to amend while a summary judgment motion is pending.  While the Court may use its discretion to deny a motion to amend which has no merit other than to manipulate legal strategy, such is not the case here. Plaintiff is obviously attempting to correct deficiencies which form part of the basis of Defendants' summary judgment motion. Should the Court's rulings moot or otherwise affect issues raised in Defendants' summary judgment motion, Defendants may file a notice of withdrawal of that motion and re-file the motion to reflect the Court's rulings.  Otherwise, the Court will address those issues as presented in the summary judgment motion.

Without passing on the related issues pending in Defendant's motion for summary judgment, the Court will allow Plaintiff to file the amended complaint.  Neither of the changes are futile.  One amendment clarifies Mr. Bond's status, and the other names what Plaintiff asserts to

be the proper party in this action.  The amendments are not so substantial as to prejudice Defendants.  Mr. Bond is already a named Defendant in this case. Plaintiffs state that the alleged liability of the School Board is identical to that already alleged against the School District.  Rule 15's liberal standard warrants allowing the amendments to Plaintiff's complaint.  Further, it is not so late in the litigation of the case that the amendments to the complaint cause undue delay. [1]

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint **(Doc. 41)**, is hereby GRANTED.  Plaintiff has until **Monday, July 21, 2008** in which to file the Second Amended Complaint.

UNITED STATES DISTRICT JUDGE

---

[1] Discovery is ongoing until mid-July.  See Docs. 15 and 18.  In early April, Plaintiff was allowed an extension of time to amend pleadings and join additional parties until fifteen days after Plaintiff received Defendants' answers to Plaintiff's First Set of Interrogatories. Doc. 24.