IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BELMA BEAVER, parent and legal guardian,**
**on behalf of S.D.,**

    **Plaintiff,**

v.                                                                  No. 07-CV-00701 WJ/ACT

**GALLUP-MCKINLEY COUNTY SCHOOLS;**
**TIMOTHY BOND,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Responses to First Set of Requests for Production and First Set of Interrogatories to Defendants ("Plaintiff's First Motion to Compel") [Doc. No. 47] and Plaintiff's Motion to Compel Responses to Second Set of Interrogatories and Second Set of Requests for Production to Defendants ("Plaintiff's Second Motion to Compel") [Doc. No. 53]. Defendants responded to both motions [Doc. Nos. 67 and 68] and Plaintiff replied [Doc. Nos. 71 and 72]. A Notice of Completion of Briefing was filed for each motion [Doc. Nos. 74 and 75]. Plaintiff is requesting that this Court compel Defendants to fully respond to her First and Second Set of Interrogatories and Requests for Production. The Court FINDS that Plaintiff's motions are well-taken and will be granted in part and denied in part in accordance with this Order.

FACTUAL AND PROCEDURAL BACKGROUND

This suit was filed on July 24, 2007, by Plaintiff Belma Beaver on behalf of her disabled daughter, S.B. [Doc. No. 1]. Plaintiff's Second Amended Complaint ("Amended Complaint") alleges that S.B. attended Ramah High School from August 1997 to May 2006. Amended

Complaint, ¶ 4 [Doc. No. 77]. The Complaint requests judicial review of a New Mexico Public Education Department (NMPED) due process hearing, attorney's fees and costs pursuant to 20 U.S.C. § 1415; damages for disability discrimination pursuant to 42 U.S.C. § 1983 (equal protection), Section 504 of the Rehabilitation Act and the Americans with Disabilities Act; and, damages for violations of substantive due process pursuant to 42 U.S.C. § 1983. Amended Complaint [Doc. No. 77]. On October 5, 2006, prior to filing this lawsuit, Plaintiff filed a due process complaint with NMPED. Amended Complaint, ¶ 28 [Doc. No. 77].

During the course of this lawsuit, Plaintiff served two sets of interrogatories and two sets of requests for production on Defendants [Doc. Nos. 20, 21, 26 and 27]. Defendants objected to a number of these interrogatories by stating, "Defendants object to the Interrogatory as being overly broad and burdensome. The time period of the request is beyond any applicable statute of limitations. Without waiving objection to the overly broad nature of the Interrogatory, Defendants submit the following for the period of October 4, 2003 through October 4, 2006." This objection, or one similar to it, is given in response to Plaintiff's First Set of Interrogatories Nos. 1, 3, 4, 5 and Plaintiff's First Requests for Production Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, and 20. Gallup-McKinley School's Answer to Plaintiff's First Set of Interrogatories and Gallup-McKinley School's Answer to Plaintiff's First Requests for Production of Documents, attached as Exhibits A and B to Plaintiff's First Motion to Compel [Doc. No. 47]. Defendants also made this objection when responding to Plaintiff's Second Set of Interrogatories Nos. 7, 8, 9, 10, 11, 12, 13 and 14 and Plaintiff's Second Requests for Production No. 21. Board of Education of Gallup McKinley County Schools' (GMCS) Answer to Plaintiff's Second Set of Interrogatories and Board of Education of Gallup McKinley County School's (GMCS) Answers to Plaintiff's Second Request

for Production, attached as Exhibit A to Plaintiff's Second Motion to Compel [Doc. No. 53].

Defendants object to Plaintiff's First Requests for Production No. 17 on the grounds that it is overly broad and burdensome. Defendants do not make the statute of limitations argument in response to this interrogatory. Plaintiff's First Motion to Compel, Exhibit A [Doc. No. 47].

Finally, Defendants object to Plaintiff's First Requests for Production No. 18, making the statute of limitations argument as set forth above as well as making a relevance objection. *Id.*

## LEGAL ANALYSIS

As an initial matter, the Court would note that Plaintiff failed to comply with Fed.R.Civ.P. 37 before filing her motion to compel. Rule 37 requires in pertinent part, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In her first motion to compel, Plaintiff makes no reference as to whether she made any attempt to resolve these discovery issues with Defendants. In her second motion to compel, Plaintiff states, "Opposing counsel was contacted regarding consent on June 4, 2008, and has not responded." Plaintiff's Second Motion to Compel, p. 1 [Doc. No. 53]. This is not a good faith effort. Before filing either of her motions, Plaintiff had a duty to confer with Defendants about this discovery, not just attempt to contact them. Such disregard of the Federal Rules will not be tolerated by the Court. Plaintiff is admonished to familiarize herself with and comply with all applicable Federal Rules of Civil Procedure and Local Rules for the District of New Mexico before filing any motions in the future.

As to the discovery issues regarding the statue of limitations, the parties agree that the three year statute of limitation set forth in NMSA 1978 § 37 - 1- 8 applies to this matter. Defendants argue (without citing to any authority) that Plaintiff's claims should be dated from the date she filed

her due process complaint with the NMPED and that the relevant time period begins three years prior to that. Defendants' Response to First Motion to Compel, p. 2 [Doc. No. 68]. That would make the "relevant" time period October 5, 2003 to October 5, 2006. *Id.* In the alternative, Defendants argue that the three year statute of limitations period begins when Plaintiff filed the instant case, April 28, 2008,[1] which would result in a relevant time period of April, 2005 to April, 2008. *Id.* Defendants conclude these two arguments by stating that "out of an abundance of caution" they provided records from October 2003 to October 2006. *Id.* Defendants also argue, in their response briefs, that discovery that requests information from anytime after S.B. stopped attending Ramah High School is not relevant. Defendants' Response for First Motion to Compel, p. 3 [Doc. No. 67]. However, with the exception of their response to Plaintiff's First Request for Production No. 18, Defendant did not make this objection in responding to Plaintiff's discovery requests.

Plaintiff contends that NMSA 1978 § 37-1-10 tolls the three year personal injury statute of limitation set forth in NMSA 1978 § 37-1-8 for minors and incapacitated persons. Plaintiff's First Motion to Compel, p. 3 - 4 [Doc. No. 47]; Plaintiff's Second Motion to Compel p. 2 - 3 [Doc. No. 53]. The statute states:

> The times limited for the bringing of actions by the preceding provisions of this chapter shall, in favor of minors and incapacitated persons, be extended so that they shall have one year from and after the termination of such incapacity within which to commence said actions.

Plaintiff states that S.B. is a "...severely disabled individual..." *Id.* Defendants do not challenge this

---

[1] Plaintiff actually filed this suit on July 24, 2007. The Court is assuming the April 28, 2008 date was a typographical error. If so, it would follow that Defendants are suggesting an alternative "relevant" time period of July 2004 to July 2007.

statement. Plaintiff argues that, "[a]s Plaintiff's incapacity has not expired, there can be no assertion that any claim has expired regardless of how long ago it may have accrued." *Id.* As to the information requested for the time period after S.B. was no longer attending Ramah High School, Plaintiff argues that the information requested is relevant and is calculated to lead to the discovery of admissible evidence.

As noted by Plaintiff, District Court Judge Bruce Black considered this issue in the context of an order addressing a motion for summary judgment filed by the defendant school system in *Dennis and Pamela Montoya on behalf of J.M. v. Mary Agnes Martinez and Espanola Public Schools, et. al.,* No. 06-CV-200 (D.N.M., filed May 16, 2008 [Doc. No. 178]). In that case, the defendant had argued that a three-year limitation period applied to the plaintiffs' claims and that any claims based on events occurring prior to the three years before the filing of the complaint should not be allowed. *Id.* Defendant contended that NMSA 1978 § 37-1-10 did not apply because the minor plaintiff's parents filed the lawsuit while the plaintiff was still a minor. *Id.* Judge Black disagreed and ruled that NMSA 1978 §37-1-10 applied to the minor plaintiff, regardless of whether the minor's parent brings a next-friend action on behalf of the minor, and that the minor was not subject to any limitations until one year after his minority ended. *Id., citing, e.g. Rachal v. O'Neil,* 925 A.2d 920, 924-025 (R.I. 2007); *Henry ex rel. Henry v. City of New York,* 724 N.E.2d 372 (1999); *cf. Elgin v. Bartlett,* 994 P.2d 411, 415 (Colo. 1999) (by statute, appointment of legal representative by court would end tolling of limitations period; however, next-friend action by minor's parent did not have that effect).

The Court finds that the tolling period set forth in NMSA 1978 § 37-1-10 applies in this matter and that Plaintiff is entitled to discovery dating back to 1997, when S.B. first began attending

Ramah High School. The Court also finds that Plaintiff's requests for the period after S.B. attended Ramah High School are calculated to the lead to the discovery of admissible evidence and, are therefore discoverable. Defendants are ordered to fully respond to Plaintiff's First Requests for Production Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19 and 20; Plaintiff's Second Set of Interrogatories Nos. 7, 8, 9, 10, 11, 12, 13 and 14; and Plaintiff's Second Requests for Production No. 20.

Plaintiff's First Motion to Compel also addresses two other requests for production. Request for Production No. 17 requests "[a]ll documents concerning employment, assignment and scheduling for related service providers for GCMS for the period of 1997 to 2006." Plaintiff's First Motion to Compel, Exhibit B [Doc. No. 47]. Defendants objected, stating that the request was overly broad and burdensome. In their response brief, Defendants contend that the information requested on all service providers employed by GMCS is not relevant to Plaintiff's claim. The Court finds that this request is overly broad and therefore, will limit the request to service providers that saw S.B. during the period of time she attend Ramah High School, to the extent that any such documents exist that are responsive to this narrowed request.

Request for Production No. 18 requests "[e]very GMCS annual budget, including documents specific to Ramah High School, for the period of 1997 to 2006." Plaintiff's First Motion to Compel, Exhibit B [Doc. No. 47]. Defendants objected on the grounds that the request was overly broad, burdensome, irrelevant and that the time period of the request was beyond the applicable statue of limitations. However, Defendants did provide documents for 2003-2004, 2004-2005 and 2005-2006. In accordance with the Court's findings as stated above, Defendants are ordered to fully respond to Plaintiff's Request for Production No. 18.

In addition to the "overly broad" and relevance objections, Defendants also objected to all of the discovery requests at issue before the Court on the grounds that they are "burdensome." Gallup-McKinley School's Answer to Plaintiff's First Set of Interrogatories and Gallup-McKinley School's Answer to Plaintiff's First Requests for Production of Documents, attached as Exhibits A and B to Plaintiff's First Motion to Compel [Doc. No. 47], and Board of Education of Gallup McKinley County Schools' (GMCS) Answer to Plaintiff's Second Set of Interrogatories and Board of Education of Gallup McKinley County School's (GMCS) Answers to Plaintiff's Second Request for Production, attached as Exhibit A to Plaintiff's Second Motion to Compel [Doc. No. 53]. However, Defendants have not addressed, let alone met their burden of establishing that the discovery requested is burdensome.

## CONCLUSION

Defendants are to provide supplemental answers to the interrogatories and produce the documents as specified in this Memorandum Opinion and Order within twenty (20) calendar days of the date of the filing of this Order. In addition, Defendants are to provide supplemental responses to any other interrogatories and requests for production as necessitated by the findings of the Court.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**