UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BELMA BEAVER, as parent and legal
guardian, on behalf of S.B.,**

    **Plaintiffs,**

    v.                                            CIV. NO. 07-701 WJ/ACT

**GALLUP-MCKINLEY COUNTY SCHOOL
DISTRICT and TIMOTHY BOND,**

    **Defendants.**

## FINDINGS AND RECOMMENDATION[1]

**THIS MATTER** came before the Court on a Motion to Set Fairness Hearing filed November 5, 2008 [Doc. 93]. The Court conducted a fairness hearing on December 9, 2008.

Gabrielle M. Valdez was appointed the *guardian ad litem* on September 24, 2008 [Doc 91]. She filed her report on December 8, 2008 [Doc. 95].

### Findings

Plaintiff filed her Complaint on July 24, 2007, alleging that Defendants' treatment of S.B. resulted in the denial of a free public education. Plaintiff also alleged that the Defendants denied S.B. educational opportunity equal to that provided to her non-disabled peers.

S.B. is a 24 year old Native American woman who has severe physical and mental disabilities. Her disabilities include cerebral palsy, an IQ between 20 and 40, seizure disorder, visual impairment, sensory deficits, speech and language disorders, and fine motor deficits. Her

---

[1] Timely objections to the forgoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and Recommendations. If no objections are filed, no appellate review will be allowed.

mother, Belma Beaver, has been appointed as her Guardian and provides care for S.B. S.B. resides with both her parents in Ramah, New Mexico. She receives respite care through state and federal programs.

S.B. attended Ramah High School. She qualified, pursuant to federal regulations, to receive services beyond the age of 18 and continued to receives services until she was 22 years old at which time she graduated.

There was an administrative hearing on these issues April 23-25, 2007. The Hearing Officer entered a decision on June 25, 2007, finding that have been extensive violations of S.B. 's rights under the Individuals and Disabilities Education Act, 20 U.S.C. § 1415, that had denied her a free appropriate public education. The Hearing Officer awarded compensatory education, including 52 hours of speech language therapy, 26 hours of occupational therapy, and 24 hours of physical therapy, vocational assessment, contact with visits with age appropriate day and vocational programs, and coordination of all services by a qualified district representative. After an appeal of the hearing officer's decision, there was a subsequent "Mediated Agreement of June 18, 2008" in which the Defendants agreed to provide an additional two years of compensatory education services.

The attorneys' fees for counsel representing the Plaintiff in this matter were $142,156.55, costs were $8,718.78, and gross receipts tax were $11,241.09, for a total of $162,116.42. Plaintiff's three lawyers spent 636.80 hours on this matter with a billing rate of $225.00  The attorneys have agreed to reduce their fees and accept $130,000 for all fees, costs and taxes.

The terms of the settlement are as follows:

Defendants will pay Plaintiff $400,000.

1. Defendants will pay $200,000.00 within thirty (30) days of Court approval of the settlement. The second payment of $200,000 will be paid within 30 days of July 1,

2009.

    a.    From the initial payment, $60,000 will be used to purchase a structured settlement annuity which will be irrevocably assigned into the S.B. Trust. The Trust allows S.B. to continue to qualify for needs based benefits such as Supplemental Security Income and Medicaid. Defendants will make payment directly to the structure settlement annuity company for this purchase so that Plaintiff will not have constructive receipt of these funds.

*[margin note: Irrevocable public]*

    b.    The remaining $140,000 will be deposited into Nancy Simmons' trust account for distribution as follows:

        (i)    Attorney's fees, costs and gross receipts tax in the amount of $24,169.02 will be paid to Nancy Simmons, one of Plaintiff's attorneys.

        (ii)    The remainder amount will be used to fund the S.B. Irrevocable Trust with Belma Beaver, as trustee and one-half of the *guardian ad litem* fees.[2]

II.    The second $200,000 will be distributed as follows:

    a.    Attorney's fees of $105,830.98 will be paid to Debra Poulin and Jerri Katzerman, Plaintiff's attorneys.

    b.    The balance of $94,169.02 will be paid by the Defendants into a Qualified Settlement Fund so that either a structured settlement annuity can be purchased or the funds will be paid into the S.B. Irrevocable Trust.

Belma Beaver plans to purchase a specially equipped van with an approximate cost of $45,000 from the Trust proceeds.

Belma Beaver testified at the fairness hearing that she understood this is all the money she will receive on behalf of her daughter as a result of this lawsuit. She further testified that she knew she was giving up her right to a jury trial in which she may receive more money. She understands she is under a fiduciary duty to her daughter and that the money is to be used for her daughter, S.B.'s

---

[2]Defendants will pay one half of the *guardian ad litem* fees.

needs and not hers. Belma Beaver also testified that she thought the attorneys' fees were reasonable.

<u>Conclusions of Law and Recommendation</u>.

After consideration of the evidence and the testimony of the witnesses, as well as the presentation of counsel, the Court concludes that it has jurisdiction over the parties and subject matter.

The Court further concludes that the settlement is fair and reasonable under the circumstances, and acceptance of the settlement is in S.B.'s best interests.

The Court therefore recommends that the settlement be approved and that the claims against all the Defendants be dismissed with prejudice.

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**